Wen v. Lynch

BIA
Abrams, IJ
A094 800 765

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT
# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 17th day of February, two thousand sixteen.

PRESENT:
> DENNIS JACOBS,
> DEBRA ANN LIVINGSTON,
> RAYMOND J. LOHIER, JR.,
> *Circuit Judges.*

_____

ZAI YUAN WEN,
> *Petitioner,*

    v.                        13-426

                                    NAC

LORETTA E. LYNCH, UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:       Thomas V. Massucci, New York, NY.

FOR RESPONDENT:      Stuart F. Delery, Assistant Attorney General; Anthony W. Norwood, Senior Litigation Counsel; Kathryn L. Deangelis, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Zai Yuan Wen, a native and citizen of China, seeks review of a January 22, 2013 decision of the BIA affirming an Immigration Judge's ("IJ") September 1, 2011 denial of asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Zai Yuan Wen*, No. A094 800 765 (B.I.A. Jan. 22, 2013), *aff'g* No. A094 800 765 (Immig. Ct. N.Y. City Sept. 1, 2011). We assume the parties' familiarity with the underlying facts and procedural history of this case.

Under the circumstances of this case, we have reviewed both the IJ's and the BIA's opinions "for the sake of completeness." *Zaman v. Mukasey*, 514 F.3d 233, 237 (2d Cir. 2008). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008) (per curiam).

For applications, like Wen's, governed by the REAL ID Act, the agency may, "[c]onsidering the totality of the circumstances," base a credibility finding on an asylum applicant's demeanor, the plausibility of his account, and

2

inconsistencies in his statements and other record evidence "without regard to whether" they go "to the heart of the applicant's claim." 8 U.S.C. §§ 1158(b)(1)(B)(iii), 1231(b)(3)(C); *Xiu Xia Lin*, 534 F.3d at 163-64. Here, substantial evidence supports the agency's decision.

In making the credibility determination, the IJ reasonably relied in part on Wen's demeanor, noting that he was unresponsive and vague when answering questions about his membership in the Chinese Democracy and Justice Party ("CDJP"). Particular deference is given to the trier of fact's assessment of demeanor. *Majidi v. Gonzales*, 430 F.3d 77, 81 n.1 (2d Cir. 2005). And here, the hearing transcript supports this finding, showing that Wen initially failed to respond to questions, or gave conflicting answers about the CDJP section to which he belonged. *Zhou Yun Zhang v. U.S. INS*, 386 F.3d 66, 73-74 (2d Cir. 2004), *overruled on other grounds by Shi Liang Lin v. U.S. Dep't of Justice*, 494 F.3d 296 (2d Cir. 2007) (stating that we defer to an IJ's demeanor finding when it is supported by facts in the record); *cf. Rizal v. Gonzales*, 442 F.3d 84, 90 (2d Cir. 2006) (holding that, although "doctrinal knowledge" of a religion is not required in order to accept an asylum

3

applicant's testimony, lack of knowledge, combined with other indicia that the applicant is not credible, can be held against an applicant).

The demeanor finding is further supported by specific inconsistencies identified by the IJ. *See Li Hua Lin v. U.S. Dep't of Justice*, 453 F.3d 99, 109 (2d Cir. 2006). Wen's testimony significantly differed from his asylum application. Wen stated in his application that, as punishment for assisting North Korean refugees, he was sentenced to 15 days' detention, fined 5000 yen, and threatened to one year of education through labor, but he did not mention the fine or labor threat in his testimony. Wen stated in his application that he was in a "brotherhood" in China and contributed ten percent of his salary to assist North Korean refugees, but testified that he did not belong to any groups in China, and omitted any mention of financial assistance. Wen claimed in his application that he worked with North Korean refugees in 2006, but testified that he had no knowledge of North Koreans working at his factory after 2002.

Wen's testimony also conflicted with his passport, which he provided at his initial hearing. That passport contained immigration stamps from Malaysia dated May 2006.

4

However, Wen testified that he departed China in May 2006 with a valid Chinese passport, but used a Korean passport to enter Malaysia.

Wen also gave inconsistent statements regarding his detention for assisting the refugees. He offered varying accounts regarding how he became involved with the refugees, how many of them were housed together and escaped together, and what year his detention ended. Wen first testified that he was released in 2002, and then that he was released in 2006. When questioned about this inconsistency, he corrected his statement, explaining that he "said it wrong," but the agency was not required to accept that explanation. *See Majidi*, 430 F.3d at 80-81.

Having reasonably questioned Wen's credibility, the agency did not err in relying on his failure to provide corroborating evidence. *Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007) (per curiam). Upon remand, the IJ requested that Wen provide evidence that public security officials visited his parents in July 2007 in an effort to convince him to withdraw from the CDJP, and additional evidence of his CDJP involvement. Wen failed to do so, and had no explanation for this failure.

5

Given the demeanor finding, the lack of corroboration, and the discrepancies in Wen's testimony, particularly those regarding his detention and support for North Korean refugees, substantial evidence supports the adverse credibility determination. *See Xian Tuan Ye v. DHS*, 446 F.3d 289, 295-96 (2d Cir. 2006) (per curiam). Because credibility is dispositive of withholding, we do not reach Wen's arguments regarding future persecution or nexus. *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach.").

Wen did not preserve his challenge to the IJ's denial of the CAT claim, and we decline to consider it.

For the foregoing reasons, the petition for review is DENIED. The pending motion for a stay of removal is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

6